WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Makayla Hall, | No. CV-24-02164-PHX-SHD |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| JW Marriott Phoenix Desert Ridge, | |
| Defendant. | |

On June 18, 2024, Plaintiff Makayla Hall, proceeding pro se, initiated this action by filing a complaint in Maricopa County Superior Court. (Doc. 1-1 at 15.) On August 23, 2024, Defendant JW Marriott Phoenix Desert Ridge timely removed this action to federal court. (Doc. 1.) On October 15, 2024, the parties attended a virtual Scheduling Conference, and a Scheduling Order was issued setting deadlines in this matter. (Doc. 13.) On February 28, 2025, Defendant filed its Motion to Dismiss Based on Plaintiff's Failure to Prosecute. (Doc. 16.) Defendant states that Plaintiff has not produced her initial disclosures, despite Defendant's repeated requests that she do so. (*Id.*) Plaintiff has not filed a response to Defendant's Motion.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

(9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423.

Because dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances," *Henderson*, 779 F.2d at 1423, the Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors dismissal. In its October 15, 2024 Scheduling Order, the Court set a deadline of October 25, 2024, for initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). (Doc. 13 at 1.) This deadline ensures that the discovery process will proceed in a timely manner, and the failure to provide initial disclosures will result in a delay of the discovery process and thus the resolution of the matter. Plaintiff's failure to comply with the Court's order to provide Defendant with initial disclosures and subsequent failure to respond to Defendant's requests that she do so needlessly extended the litigation of this matter. Further, by failing to respond to Defendant's Motion to Dismiss, Plaintiff delayed adjudication of this action.

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Plaintiff's failure to prosecute has required the Court expend its judicial

resources reviewing Defendant's Motion to Dismiss and the docket and drafting additional Orders regarding Plaintiff's failure to prosecute this case.

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, favors dismissal. Defendant cannot properly defend against Plaintiff's claims if Plaintiff will not participate in the discovery process. Further, Plaintiff's refusal to communicate has resulted in Defendant expending resources to attempt to communicate with Plaintiff. Therefore, dismissal of this matter will not prejudice Defendant.

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, neither favors nor disfavors dismissal. A dismissal under Rule 41(b) operates as an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). If the Court dismisses Plaintiff's claims without prejudice, the adjudication would not be on the merits and public policy would not disfavor dismissal.

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal. Defendant has shown that Plaintiff was given many opportunities to comply with the Court's order that initial disclosures be served. Defendant sent Plaintiff a deficiency letter on November 21, 2024 and February 6, 2025, which Plaintiff did not respond to. On February 19, 2025, Defendant left a voicemail for Plaintiff. Plaintiff did not return the call. Defendant attempted to call again on February 20, 2025, and Plaintiff's voicemail was full. (Doc. 16-1.) Defendant made good faith efforts to contact Plaintiff and provide additional opportunities for Plaintiff to comply with the Court's order. Plaintiff's failure to respond to the Motion to Dismiss is an indication that a less drastic sanction, such as additional warning to comply with the Court's order and further attempts to reach Plaintiff are unlikely to have an effect. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

*Henderson* factors one, two, three and five favor dismissal, and factor four does not disfavor dismissal without prejudice. Thus, in sum, the *Henderson* factors weigh in favor of a dismissal without prejudice for failure to prosecute. *See* 779 F.2d at 1425 ("Where

1 counsel continues to disregard deadlines, warnings, and schedules set by the district court,
2 we cannot find that a lack of prejudice to defendants is determinative.").
3    Accordingly,
4    **IT IS ORDERED** granting Defendant's Motion to Dismiss Based on Plaintiff's
5 Failure to Prosecute, (Doc. 16).
6    **IT IS FURTHER ORDERED** that Plaintiff's case is dismissed without prejudice
7 for failure to prosecute.  The Clerk of Court shall enter judgment accordingly.
8    **IT IS FURTHER ORDERED** that once judgment has been entered, Defendant
9 shall refile their Bill of Costs.
10   Dated this 26th day of June, 2025.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -